GUYTON, Plaintiff in error, v. STATE, Defendant in error.

*No. State 170. Submitted under sec. (Rule) 251.54 June 5, 1975.—Decided June 30, 1975.*
(Also reported in 230 N. W. 2d 726.)

---

For the plaintiff in error the cause was submitted on the brief of *Laurence E. Norton II* of the Legal Aid Society of Milwaukee.

For the defendant in error the cause was submitted on the brief of *Victor A. Miller,* attorney general, and *David J. Becker,* assistant attorney general.

HEFFERNAN, J. On September 7, 1973, George Guyton was sentenced for the commission of a burglary on December 13, 1972. The term imposed was an indeterminate sentence "of not more than six years consecutive to any term that he owes the State as the result of any parole violation."

On this review, Guyton, relying on sec. 973.15 (1), Stats.,[1] argues that the sentence cannot be consecutive to a sentence that will be imposed upon the revocation of

---

[1] "973.15 Sentence, terms, escapes. (1) All sentences to the Wisconsin state prisons shall be for one year or more. Except as otherwise provided in this section, all sentences commence at noon on the day of sentence, but time which elapses after sentence while the defendant is in the county jail or is at large on bail shall not be com-

parole in the future. He reasons that, under the statute, at the time he was sentenced to the consecutive term of six years he was not "then serving a sentence." We agree that the law does not permit the imposition of a consecutive sentence under the circumstances revealed by the record; and, accordingly, the sentence is modified, striking from it the provision that it be consecutive to any other sentence.

The underlying facts show that in July of 1970, Guyton began serving three concurrent terms at the Wisconsin State Reformatory. He was released on parole on May 3, 1972. On December 13, 1972, while on parole he committed a burglary, the sentence for which is the subject of this review. He commenced serving that sentence at the Wisconsin State Prison on September 8, 1973. It was not until November 5, 1973, that Guyton was given a hearing on the revocation of his parole. The order revoking the parole was issued by the secretary of the department of health and social services on November 26, 1973. That order revoked the parole effective on December 13, 1972, the date of the burglary.

Guyton argues that because his probation had not been revoked at the time he was sentenced on the burglary conviction, he was not "then serving a sentence" under the provisions of sec. 973.15 (1), Stats., and that the trial court, therefore, did not have the authority to impose a consecutive sentence. He relies on sec. 57.072, which provides:

puted as any part of his term of imprisonment. The court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent or that it shall commence at the expiration of any other sentence; and if the defendant is then serving a sentence, the present sentence may provide that it shall commence at the expiration of the previous sentence. If a convict escapes, the time during which he is unlawfully absent from the prison after such escape shall not be computed as part of his term. Courts may impose sentences to be served in whole or in part concurrently with a sentence being served in a federal institution or an institution of another state."

"57.072 **Period of probation or parole tolled.** The period of probation or parole ceases running upon the offender's absconding or committing a crime or some other violation of the terms of his probation or parole which is sufficient in the opinion of the court or the department to warrant revocation of probation or parole. It remains tolled until the happening of one of the following events: Receipt of the offender at the penal institution to which he has been sentenced or from which he has been paroled; in cases supervised by the department, reinstatement of the offender's parole or probation by order of the department; in cases of misdemeanants and in cases under s. 973.11, reinstatement of probation by order of the court. The date of the order of reinstatement is the date on which the period of probation or parole again begins to run."

It is apparent under the provisions of this statute that the three prior sentences imposed upon Guyton in 1970 were not running on the date of the burglary conviction, September 7, 1973. Since, at the time of the burglary conviction, he was not in a status in which he was accumulating time for the discharge of the earlier imposed sentences, he was not, under the statutes, "then serving a sentence."

We have decided this question in a somewhat different context. In *Gaertner v. State* (1967), 35 Wis. 2d 159, 150 N. W. 2d 370, we held that a parolee, in a situation similar to that of Guyton, on the day he was sentenced for the burglary was not serving a sentence previously imposed, until he was returned to prison. We said in *Gaertner*, page 165:

"Under sec. 57.072, the period of parole ceases upon the commission of a crime or some other violation of the terms of parole which is sufficient in the opinion of the court or the department to warrant revocation of parole. During the period that parole is tolled the prisoner is not serving his sentence until he is returned to the penal institution to which he was sentenced or from which he was paroled or from the date of an order of reinstatement of the parole. Consequently, a parole violator held in the county jail is not serving his sentence and is given no credit for such time."

Under the rationale of that statement, which we conclude clearly expresses the legislative intent, Guyton was not serving a sentence at the time the consecutive sentence for burglary was imposed. Under the statutes, therefore, the trial judge had no authority to impose other than an indeterminate sentence for a period set, which could not be consecutive.

The sentence is therefore modified to delete from the judgment that portion which stated that it was to be consecutive to any other term.

In the cases of *Drinkwater v. State* and *Trotter v. State*, ante, p. 60, 230 N. W. 2d 126, we pointed out certain apparent infirmities in sec. 973.15 (1), Stats., which precluded the imposition of consecutive sentences under the circumstances discussed there. We pointed out that what the trial judges attempted to do in *Drinkwater* and *Trotter* was not contrary to public policy, but was merely in excess of the sharply delineated authority of a trial judge in a probation revocation situation. The same legislative restraint upon the powers of a sentencing judge are made evident in this case, where he is denied the power to impose a sentence consecutive to one that will surely be reimposed upon the inevitable revocation of an existing parole. Where a defendant has committed three serious crimes—in this case, sexual intercourse with a child in violation of sec. 944.10 (1) and (2), Stats. —is placed on parole, and subsequently commits another serious crime, there is no good reason why, in the exercise of proper judicial discretion, a sentence consecutive to the period to be served for the earlier crimes should not be imposed. The statutes, however, make such action by the sentencing judge impossible. In *Drinkwater* and *Trotter*, we invited the legislature's attention to sec. 973.15 (1) in respect to the sentencing powers of a judge on a probation revocation. In view of the circumstances revealed in the instant case, we express the same concern in respect to a situation that arises when a parolee is convicted and sentenced for a serious crime but the proce-

dures for revocation of the earlier parole have not yet been completed.

*By the Court.*—Judgment modified and, as modified, affirmed.