STATE of Wisconsin, Plaintiff-Respondent,

v.

Tyrone PRICE, Defendant-Appellant.

Court of Appeals

*No. 99–0746–CR. Submitted on briefs July 19, 1999.—Decided October 27, 1999.*

(Also reported in 604 N.W.2d 898.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *James L. Fullin,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Pamela Magee,* assistant attorney general, and the brief of *Christine A. Gabron,* assistant district attorney, Kenosha County.

Before Brown, P.J., Nettesheim and Anderson, JJ.

¶ 1. NETTESHEIM, J. Wisconsin's habitual criminality statute, § 939.62(1), STATS., permits an enhanced sentence if the offender was convicted of a felony or three misdemeanors during the five-year period immediately preceding the commission of the crime for which the offender is presently being sentenced. At subsec. (2), the statute states, "In computing the preceding 5-year period, *time which the actor spent in actual confinement serving a criminal sentence shall be excluded.*" (Emphasis added.)

¶ 2. The issue on appeal is whether confinement time that Tyrone Price spent on various parole holds qualifies as "actual confinement serving a criminal sentence" thereby extending the five-year period under § 939.62(2), STATS. In the trial court, Judge Bruce E. Schroeder ruled that Price was confined under a criminal sentence during the parole holds. Price challenges this ruling on appeal. Later, Judge David Bastianelli, who presided at the sentencing hearing, withheld sen-

tence and placed Price on probation for two years. Although the penalties imposed by Judge Bastianelli did not actually invoke the enhanced penalties permitted by § 939.62(1), the judgment does recite that Price is a habitual criminal.[1]

¶ 3. We agree with Judge Schroeder that the time spent by Price under the parole holds qualified as confinement under a criminal sentence within the meaning of the habitual criminality statute. We therefore affirm the provision in the judgment which adjudges Price a habitual criminal.

## FACTS AND PROCEDURAL HISTORY

¶ 4. The facts are not in dispute. The criminal complaint charged Price with obstructing an officer on May 14, 1998. The complaint further alleged that Price had previously been convicted of two felonies on May 5, 1992; that he had been sentenced to terms of imprisonment on those felonies; and that he had been paroled on those sentences April 12, 1993. All of these events occurred more than five years prior to the date of the obstructing charge alleged in the complaint. However, the complaint also recited that between May 17, 1993 and September 5, 1996, Price had been in custody for forty-five days under various separate parole holds.[2] Thus, the complaint alleged that Price was a repeat offender pursuant to § 939.62, STATS., because he had been "out of custody less than five years since his felony convictions."

¶ 5. Price brought a motion before Judge Schroeder to strike the repeater allegation. After reviewing

---

[1] Thus, if Price's probation should ever be revoked, he would be subject to the enhanced penalties authorized by § 939.62, STATS.

[2] However, Price's parole was never revoked.

the briefs from the parties, Judge Schroeder issued a written decision ruling that the parole holds constituted "time which the actor spent in actual confinement serving a criminal sentence" pursuant to § 939.62(2), STATS. Price later entered a no contest plea to the charge. Price appeals from the provision of the judgment which adjudges him a habitual criminal.

## DISCUSSION

¶ 6. The parties do not dispute that the parole holds against Price resulted in "actual confinement" within the meaning of § 939.62(2), STATS. Rather, the dispute centers on whether Price was "serving a criminal sentence" within the meaning of the statute. Price urges a narrow interpretation of the phrase while the State urges a broader interpretation. Both parties are able to cite to cases that support their competing positions.

¶ 7. Generally, "sentence" or "sentencing" refers to the judgment of conviction by which the court imposes the punishment or penalty provided by the statute for the offense. *See Prue v. State*, 63 Wis. 2d 109, 115–16, 216 N.W.2d 43, 46 (1974). This represents the broader sense of the terms. However, in appropriate cases, the terms will be given their stricter legal meaning if the statute or the law so requires. *See id.* at 116, 216 N.W.2d at 46.

¶ 8. Urging the narrower interpretation of "criminal sentence," Price relies on *Guyton v. State*, 69 Wis. 2d 663, 230 N.W.2d 726 (1975), and *Gaertner v. State*, 35 Wis. 2d 159, 150 N.W.2d 370 (1967). In *Gaertner*, the supreme court stated that a parolee under a parole hold was not serving a sentence because he was not accumulating sentence credit where he had not yet

been returned to the prison setting pursuant to § 57.072, STATS., 1963. *See Gaertner*, 35 Wis. 2d at 165, 150 N.W.2d at 373. Using the same logic, the supreme court in *Guyton* held that an offender under a parole hold,[3] but not yet revoked, was not serving a sentence and thus a later consecutive sentence was invalid. *See Guyton*, 69 Wis. 2d at 666–67, 230 N.W.2d at 728.[4]

¶ 9. The same logic underpinned the supreme court's decision in *Drinkwater v. State*, 69 Wis. 2d 60, 230 N.W.2d 126 (1975), although Price does not cite to this decision. In *Drinkwater*, the court held that a revoked probationer (whether under an imposed and stayed sentence or a withheld sentence) was not serving a sentence until the probationer had entered the prison setting following revocation of probation. *See id.* at 74, 230 N.W.2d at 132. Thus, as in *Guyton*, a consecutive sentence imposed before the offender was placed in the prison setting was invalid. *See Drinkwater*, 69 Wis. 2d at 74, 230 N.W.2d at 132.

¶ 10. Urging a broader interpretation, the State cites to *Grobarchik v. State*, 102 Wis. 2d 461, 307 N.W.2d 170 (1981). There, the supreme court said, "As employed in the language of the criminal law, a sen-

---

[3] At one point, *Guyton v. State*, 69 Wis. 2d 663, 665, 230 N.W.2d 726, 727 (1975), refers to the offender's "probation." However, the supreme court's recital of the facts and the court's analysis of the issue demonstrate that the offender was on parole, not probation.

[4] The State says that *Guyton* is no longer good precedent because a portion of the supreme court's rationale was superseded by the later enactment of § 304.072, STATS., pertaining to sentence credit. We disagree. A statute that changes the law decreed by an appellate decision does not mean that the decision was incorrect. Rather, the ensuing statute is merely a legislative response to the decision.

tence of imprisonment is a term of incarceration or supervision on parole which continues until the defendant is finally discharged." *Id.* at 468, 307 N.W.2d at 175. Thus, the court held that a term of probation may be imposed "consecutive to a sentence of imprisonment on a different charge" pursuant to § 57.01, STATS., 1965.[5] *Grobarchik*, 102 Wis. 2d at 466, 307 N.W.2d at 174. The State also cites to *State ex rel. Macemon v. Christie*, 216 Wis. 2d 337, 342 n.4, 576 N.W.2d 84, 86 (Ct. App. 1998), where this court said that parole is a system of "grace" whereby an inmate may serve a portion of a sentence under fewer restrictions than if he or she were imprisoned.

¶ 11. None of these cases resolve the issue before us because they do not address the meaning of a "criminal sentence" for purposes of § 939.62(2), STATS. However, these cases do teach that whether a "sentence" will be construed in a narrow or broad fashion depends on the purpose of the particular statute under consideration. *See Prue*, 63 Wis. 2d at 116, 216 N.W.2d at 46. The interpretation of the habitual criminality statute presents a question of law that we review de novo. *See State v. Squires*, 211 Wis. 2d 876, 880, 565 N.W.2d 309, 311 (Ct. App. 1997). While we do not owe any deference to the trial court's decision on such a matter, we nonetheless value the court's decision. *See Scheunemann v. City of West Bend*, 179 Wis. 2d 469, 475, 507 N.W.2d 163, 165 (Ct. App. 1993).

¶ 12. With § 939.62(2), STATS., the legislature has decreed that for a period of five years preceding the commission of a crime, an offender's prior criminal record may serve as the basis for an enhanced sentence. However, the legislature has excluded from this

---

[5] The current version of this statute is now found at § 973.09, STATS.

five-year calculation any time during which the offender was actually confined serving a criminal sentence. When that situation exists, the five-year period is expanded by the amount of such confinement.

¶ 13. Since the expansion of the five-year period is at issue in this case, it is appropriate to inquire why the legislature would have built this provision into the statute. We think the answer is clear. A sentenced offender who is actually confined, whether by imprisonment or subsequent parole hold, is off the streets and no longer able to wreak further criminal havoc against the community. Price's narrow interpretation of the phrase "criminal sentence" would frustrate this legislative intent to expand the five-year term as to those offenders.

¶ 14. In his written decision, Judge Schroeder echoed a similar theme. Quoting from *State v. Wittrock*, 119 Wis. 2d 664, 675, 350 N.W.2d 647, 653 (1984) (quoted source omitted), the judge noted that the purpose of the habitual criminality statute is "[to] increas[e] the punishment of those persons who do not learn their lesson or profit by the lesser punishment given for their prior violations of criminal laws." From this, the judge correctly concluded that exclusion of time served in actual confinement on parole holds would subvert the purpose of the statute. Instead, the judge reasoned that the five-year term is a "testing" period during which the offender's ability to comport with the criminal law can be assessed. Including periods of confinement during that period runs counter to that purpose.

¶ 15. Therefore, we agree with the State that the more generalized concept of a criminal sentence, which takes in both imprisonment and parole supervision, applies in a § 939.62(2), STATS., setting. Thus, the five-

235

year period under the statute is properly expanded by any actual confinement time that is related to the sentence.

## CONCLUSION

■

¶ 16. We conclude that a parole hold is "time which the actor spent in actual confinement serving a criminal sentence" pursuant to § 939.62(2), STATS. We therefore affirm the provision in the judgment that adjudges Price a habitual criminal.

*By the Court.*—Judgment affirmed.