STATE of Wisconsin, Plaintiff-Respondent,

v.

Todd E. CRIDER, Defendant-Appellant.†

Court of Appeals

*No. 99–1158–CR. Submitted on briefs January 26, 2000.—Decided March 1, 2000.*

2000 WI App 84

(Also reported in 610 N.W.2d 198.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Suzanne Hagopian*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Christopher G. Wren*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Brown, P.J., Anderson and Snyder, JJ.

¶ 1. ANDERSON, J.  Todd E. Crider appeals from a judgment and an order denying his postconviction motion to vacate his conviction as a habitual offender and commute his sentence to the maximum term without the habitual offender enhancement. Arguing that he does not qualify as a habitual offender, Crider claims that his present offense was not committed within the five-year period required in WIS. STAT.

§ 939.62(2) (1997–98)[1] because his period of jail time imposed as a condition of probation was not "time . . . spent in actual confinement serving a criminal sentence." Because we determine that the legislature's purpose for the habitual criminality statute is to exclude time that an offender is removed from society and is unable to violate the criminal laws, we disagree and affirm.

¶ 2.   Crider argues that he was improperly sentenced as a habitual offender because his crimes were not committed within the WIS. STAT. § 939.62 five-year period. To address this argument, we will first review Crider's felony convictions. On August 15, 1989, Crider pled guilty to one count of felony burglary and one count of party to the crime of felony burglary. The court withheld his sentence and placed him on an extended period of probation, including an immediate probation condition to serve one year in the county jail. Crider served the jail time.

¶ 3.   A few years later in 1993, Crider's probation was revoked and he was sentenced to two concurrent six-year prison terms for the two burglary convictions. On his six-year concurrent sentences, Crider was given sentence credits of 416 days and 429 days for the year he spent in the county jail as a condition of probation.

¶ 4.   In 1995, Crider was released from prison. He was charged with felony burglary as a repeater on May 27, 1997, for a crime committed on March 1, 1997. He was convicted after pleading guilty on October 23, 1997, and sentenced to prison for fifteen years concurrent with his previous sentences. The 1997 sentence included a habitual offender enhancement.

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

¶ 5. In 1999, Crider filed a postconviction motion to vacate the habitual offender portion of his 1997 sentence. He argued that the 1989 convictions were not within a five-year period from the 1997 conviction, and thus the habitual offender statute did not apply. The State contended that after excluding the time Crider spent in confinement after his probation revocation and the year spent in jail as a condition of probation, Crider's crimes were committed within five years. After hearing arguments on the motion, the court agreed with the State and issued an order denying the motion. Crider appeals.

¶ 6. Wisconsin's habitual criminality statute, WIS. STAT. § 939.62, permits an enhanced sentence if the offender was convicted of a felony or three misdemeanors during the five-year period immediately preceding the commission of the crime for which the offender is presently being sentenced. Subsection (2) states, "In computing the preceding five-year period, *time which the actor spent in actual confinement serving a criminal sentence shall be excluded.*" (Emphasis added.) The issue on appeal is whether the jail time that Crider spent as a condition of probation qualifies as "actual confinement serving a criminal sentence" thereby extending the five-year period under § 939.62(2). Resolving this issue involves statutory interpretation, a question of law we review de novo. *See State v. Setagord,* 211 Wis. 2d 397, 405–06, 565 N.W.2d 506 (1997).

¶ 7. Crider disputes the court's conclusion that the time he spent in jail as a condition of probation was "serving a criminal sentence." Supported by *Prue v. State,* 63 Wis. 2d 109, 112, 216 N.W.2d 43 (1974), Crider points out that time spent in confinement as a

condition of probation is not considered a "sentence" with respect to earning good time. The *Prue* court also noted that "probation is not a sentence and that the imposition of incarceration as a condition of probation is likewise not a sentence." *Id.* at 114.

¶ 8. The State acknowledges that generally probation and the time served as a condition thereof are not sentences. However, it asserts that the relationship between probation and sentencing is ambiguous, and at times probation can cross the line into sentencing. It argues, for example, that through the sentence credit statute, the legislature has authorized sentence credit "for all days spent in custody in connection with the course of conduct for which the sentence was imposed," including "custody . . . which is in whole or in part the result of a probation." WIS. STAT. § 973.155(1)(a), (b). It would be incongruous, the State contends, if an offender receives a sentence credit for the jail time served as a condition of probation, which Crider did in this case, but jail time could not be excluded from calculating the habitual offender period. Such a result would defy the legislative intent, it asserts. We agree.

¶ 9. The legislature's purpose for the habitual criminality statute was recently addressed in *State v. Price*, 231 Wis. 2d 229, 604 N.W.2d 898 (Ct. App. 1999). Addressing a similar issue—whether the time an offender spent confined due to a parole hold was "serving a criminal sentence" within WIS. STAT. § 939.62(2)—the *Price* court reviewed the case law discussing whether parole was a "sentence." Concluding that the time spent on a parole hold was "serving a criminal sentence" under the habitual criminality statute, the court noted that, based on its case law review, there was no precise definition of a "sentence." Rather,

how "sentence" was defined depended on the *purpose* of the particular statute under consideration. *See Price*, 231 Wis. 2d at 234.

¶ 10. The *Price* court's analysis of the purpose for the habitual criminality statute is as follows:

> With § 939.62(2), STATS., the legislature has decreed that for a period of five years preceding the commission of a crime, an offender's prior criminal record may serve as the basis for an enhanced sentence. However, the legislature has excluded from this five-year calculation any time during which the offender was actually confined serving a criminal sentence. When that situation exists, the five-year period is expanded by the amount of such confinement.
>
> Since the expansion of the five-year period is at issue in this case, it is appropriate to inquire why the legislature would have built this provision into the statute. We think the answer is clear. A sentenced offender who is actually confined, whether by imprisonment or subsequent parole hold, is off the streets and no longer able to wreak further criminal havoc against the community. Price's narrow interpretation of the phrase "criminal sentence" would frustrate this legislative intent to expand the five-year term as to those offenders.
>
> . . . Quoting from *State v. Wittrock*, 119 Wis. 2d 664, 675, 350 N.W.2d 647, 653 (1984) (quoted source omitted), the [trial] judge noted that the purpose of the habitual criminality statute is "[to] increas[e] the punishment of those persons who do not learn their lesson or profit by the lesser punishment given for their prior violations of criminal laws." From this, the judge correctly concluded that exclusion of time served in actual confinement on parole holds would subvert the purpose of the statute. Instead, the judge reasoned that the five-year term is a "test-

ing" period during which the offender's ability to comport with the criminal law can be assessed. Including periods of confinement during that period runs counter to that purpose.

*Price*, 231 Wis. 2d at 234–35 (first alteration added).

¶ 11.    To determine if jail time spent as a condition of probation constitutes a "sentence" within the habitual criminality statute, we must consider the legislative purpose for that statute. As quoted above, the purpose of the habitual criminality statute is to "increas[e] the punishment of those persons who do not learn their lesson or profit by the lesser punishment given for their prior violations of criminal laws." *Id.* (citation omitted). In *Price*, the court excluded parole hold confinement from the habitual offender period, reasoning that while offenders were confined, they were off the streets and unable to commit any additional crimes. *See id.* This reasoning also supports excluding jail time imposed as a condition of probation because while offenders are in jail as a condition of probation, they are confined and their ability to reform and abide by the criminal laws is not being tested. With the legislature's purpose for the statute in mind, we conclude that Crider's jail time as a condition of probation is "time . . . spent in actual confinement serving a criminal sentence" under the habitual criminality statute, WIS. STAT. § 939.62(2), and should be excluded from calculating the statute's time period.

¶ 12.    This conclusion also reconciles the legislature's goals in both the habitual offender statute and the sentence credit statute. In the sentence credit statute, the legislature expressly awarded sentence credit

for jail time imposed as a condition of probation.[2] The legislative goal for the habitual offender statute is accomplished by excluding from the computation any time that a previously convicted offender is removed from the community and unable to endanger the community or commit further offenses. If we were to reach the opposite result in this case, the habitual offender and the sentence credit statutes' treatment of jail time served as a condition of probation would be at odds; the offender would receive a windfall sentence credit without encountering the habitual offender enhanced penalty. Our decision today prevents this. Based on the foregoing analysis, we affirm the judgment and the order.

*By the Court.*—Judgment and order affirmed.

---

[2] When offenders can be given credit toward their present sentence for days spent in custody is explained in WIS. STAT. § 973.155(1) as:

(a) A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed. . . .

(b) The categories in par. (a) include custody of the convicted offender which is in whole or in part the result of a probation, extended supervision or parole hold . . . .