STATE of Wisconsin,
Plaintiff-Respondent,

v.

Jason R. COOPER,
Defendant-Appellant.†

Court of Appeals

*No. 2015AP1160–CR. Submitted on briefs June 6, 2016.
—Decided July 27, 2016.*

2016 WI App 63

† Petition for Review Filed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Kaitlin A. Lamb*, assistant state public defender of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael C. Sanders*, assistant attorney general, and *Brad D. Schimel*, attorney general.

Before Reilly, P.J., Gundrum and Hagedorn, JJ.

¶ 1. GUNDRUM, J. Jason Cooper appeals a judgment of conviction and the circuit court's denial of his postconviction motion. He claims the circuit court erred when it applied Wis. Stat. § 939.62 (2013–14),[1] a statutory criminal penalty enhancer, to his sentence and that his trial counsel performed ineffectively in failing to raise this issue before the circuit court. We

---

[1] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

conclude the court did not err in applying the enhancer and counsel was not ineffective for failing to object to its application. We affirm.

## *Background*

¶ 2. Cooper was charged with OWI sixth offense, as a repeater, for having operated a motor vehicle while under the influence of an intoxicant on August 4, 2013. The complaint identified that Cooper was being charged as a repeater pursuant to WIS. STAT. § 939.62(1)(b) because he had been "convicted of Possession of THC (2nd + Offense), a felony, on October 12, 2004, in Racine County," and that because of this repeater status, the maximum term of imprisonment for the OWI sixth charge could be increased by up to four years. Cooper ultimately pled to the OWI sixth charge as a repeater based upon this 2004 conviction and was sentenced to the maximum term of imprisonment available for the OWI sixth conviction plus the additional four years available as a repeater. Cooper filed a motion seeking postconviction relief, which the circuit court denied. Cooper appeals.

## *Discussion*

¶ 3. WISCONSIN STAT. § 939.62 provides in relevant part:

**Increased penalty for habitual criminality. (1)** If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed . . . the maximum term of imprisonment prescribed by law for that crime may be increased . . . .

(2) The actor is a repeater if the actor was convicted of a felony during the 5–year period immedi-

ately preceding the commission of the crime for which the actor presently is being sentenced, or if the actor was convicted of a misdemeanor on 3 separate occasions during that same period . . . . In computing the preceding 5–year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded.

. . . .

(3) In this section "felony" and "misdemeanor" have the following meanings:

(a) In case of crimes committed in this state, the terms do not include motor vehicle offenses under [WIS. STAT.] chs. 341 to 349 . . . .

¶ 4. In this case, the circuit court "comput[ed]" the "5–year period immediately preceding" Cooper's 2013 OWI sixth offense and determined that Cooper's 2004 felony THC conviction was during that period, making Cooper a repeat offender subject to penalty enhancement. In computing that five-year period, the court, as directed by WIS. STAT. § 939.62(2), excluded the "time" between the 2004 conviction and 2013 offense "which [Cooper] spent in actual confinement serving a criminal sentence." That excluded time included 365 days that he had been confined on his OWI fifth conviction.

¶ 5. Cooper contends the circuit court erred by excluding these 365 days. Both parties agree that if these 365 days are not excluded, the 2004 conviction would fall outside of "the 5–year period immediately preceding" his 2013 offense, Cooper would not be considered a repeater under WIS. STAT. § 939.62, and his sentence would not be properly enhanced. The

parties also agree that if those days are excluded, his sentence is appropriately enhanced under the repeater statute.

■

¶ 6. Determining whether the circuit court properly excluded these 365 days requires us to interpret and apply Wis. Stat. § 939.62. Interpreting a statute and applying it to undisputed facts is a matter of law we review de novo. *State v. Carter*, 2010 WI 77, ¶ 12, 327 Wis. 2d 1, 785 N.W.2d 516.

¶ 7. In arguing the circuit court erred in excluding these 365 days, Cooper relies heavily upon Wis. Stat. § 939.62(3)(a), which states, "In this section 'felony' and 'misdemeanor' have the following meanings: (a) In case of crimes committed in this state, the terms do not include motor vehicle offenses under [Wis. Stat.] chs. 341 to 349 . . . ." In so relying, he asserts that "the repeater penalty enhancer statute plainly provides that a defendant's prior felony or misdemeanor conviction *cannot* be a motor vehicle offense." No one disputes, however, that the prior felony (or misdemeanors) which serves as the "preceding" conviction that must be within "the 5–year period immediately preceding the commission" of the current offense cannot be a "motor vehicle offense[] under chs. 341 to 349," such as Cooper's OWI fifth offense under Wis. Stat. § 346.63. This is because § 939.62(3) clearly defines "felony" (and "misdemeanor") so that it does not include such motor vehicle offenses. Here, however, the preceding conviction utilized by the circuit court for repeater purposes is Cooper's 2004 felony THC conviction, not a prior motor vehicle offense.

¶ 8. Cooper attempts to stretch Wis. Stat. § 939.62(3) beyond its plain language—that "felony" (and "misdemeanor") "[i]n this section" does not in-

clude a "motor vehicle offense[] under [Wis. Stat.] chs. 341 to 349"—to also include a meaning that "time" spent confined on a motor vehicle offense under these chapters cannot be excluded from the time between the 2004 conviction and 2013 offense as "time which the actor spent in actual confinement serving a criminal sentence." Cooper asserts that

> [b]y [excluding] *time* that Mr. Cooper spent incarcerated on the OWI fifth conviction, the repeater penalty enhancer is being applied based in part on a prior motor vehicle offense. This is contrary to the statute's clear intention to exclude motor vehicle offenses from being used as prior convictions for the purposes of applying the repeater penalty enhancer. (Emphasis added.)

¶ 9. While Cooper's argument is creative, this case, as we have alluded, is straightforwardly resolved by the plain language of Wis. Stat. § 939.62. Subsection (2) provides that "time" Cooper "spent in actual confinement serving a criminal sentence" is to be excluded from the total amount of time between Cooper's 2004 conviction and 2013 offense. The 365 days of "time" Cooper "spent in actual confinement serving" his criminal OWI fifth sentence unquestionably meets this clear language. Subsection (3) provides: "In this section 'felony' and 'misdemeanor' have the following meanings: (a) In case of crimes committed in this state, the terms do not include motor vehicle offenses under [Wis. Stat.] chs. 341 to 349 . . . ." As indicated, para. (3)(a) does bear upon the first sentence of subsec. (2) so that the felony and misdemeanor convictions referenced therein "do not include motor vehicle offenses under chs. 341 to 349"; however, para. (3)(a) has no bearing upon the last sentence of § 939.62(2), which does not use the word "felony" or "misdemeanor" at

544

all, but is concerned only with "time" a defendant "spent in confinement" on a "criminal sentence," *without any regard to the type of offense underlying that time.* Nothing in these provisions suggests "time" spent "in actual confinement" on "a criminal sentence" does not include time related to a motor vehicle offense conviction.[2]

¶ 10. The State correctly reaches the heart of the issue: "If the legislature had intended that 'time spent in actual confinement serving a criminal sentence' not include time spent in actual confinement serving a criminal sentence for an OWI conviction, it could have written the statute to say exactly that." Yet, it did not. As the State also points out, the legislature knew how to single out prior motor vehicle convictions, as demonstrated by the fact it did just that in Wis. Stat. § 939.62(3) by removing such convictions from the

---

[2] Cooper also relies upon our supreme court's decision in *State v. Delaney*, 2003 WI 9, ¶¶ 23–24, 259 Wis. 2d 77, 658 N.W.2d 416. *Delaney* is not applicable to this case. Nothing in *Delaney* undermines the plain language of Wis. Stat. § 939.62 as we have discussed it herein. Indeed, *Delaney* does not even address the last sentence of subsec. (2), which is at issue here, or how the five-year period referred to in that sentence should be computed. Additionally, the court in *Delaney* held that

> a defendant convicted of the crime of second or subsequent offense OWI . . . is subject to the penalty enhancements provided for in both Wis. Stat. §§ 346.65(2) [the provision that enhances subsequent OWI sentences based upon prior OWI convictions] and 939.62, so long as the application of each enhancer is based on a separate and distinct prior conviction or convictions.

*Delaney*, 259 Wis. 2d 77, ¶ 36. Our conclusion in this case is entirely consistent with this language. The enhancement to Cooper's OWI sixth offense sentence under § 346.65(2) is based on his five prior OWI convictions, while the enhancement to the sentence under § 939.62 is based on his 2004 felony THC conviction.

meaning of "felony" and "misdemeanor" in § 939.62, and in doing so precluding a motor vehicle conviction from serving as a sentence-enhancing prior conviction. *See* § 939.62(2), (3).

¶ 11. In *State v. Price*, 231 Wis. 2d 229, 230, 604 N.W.2d 898 (Ct. App. 1999), we discussed the Wis. Stat. § 939.62(2) phrases "criminal sentence" and "time which the actor spent in actual confinement serving a criminal sentence." In that case, we were asked to determine whether time spent confined on a parole hold is to be excluded in computing the five-year period. *Price*, 231 Wis. 2d at 230. In concluding that such time must be excluded, *id.* at 235–36, we stated:

> With § 939.62(2), Stats., the legislature has decreed that for a period of five years preceding the commission of a crime, an offender's prior criminal record may serve as the basis for an enhanced sentence. However, the legislature has excluded from this five-year calculation any time during which the offender was actually confined serving a criminal sentence. When that situation exists, the five-year period is expanded by the amount of such confinement.

> Since the expansion of the five-year period is at issue in this case, it is appropriate to inquire why the legislature would have built this provision into the statute. We think the answer is clear. A sentenced offender who is actually confined, whether by imprisonment or subsequent parole hold, is off the streets and no longer able to wreak further criminal havoc against the community.

*Price*, 231 Wis. 2d at 234–35.

¶ 12. In light of such public policy purpose, it is understandable why the legislature did not carve out an exception for "time which the actor spent in actual confinement serving" a motor vehicle criminal sen-

tence or a sentence related to any other specific type of offense. As the State puts it, regardless of the particular crime underlying the confinement time, "the person is in confinement and presumably not committing crimes." Essentially, the legislature declined to give an offender "credit" for not committing other crimes within the community when he/she is confined and thus unable to do so.

¶ 13. For the foregoing reasons, we conclude that in computing the five-year period at issue, the circuit court properly excluded the 365 days Cooper was confined on his OWI fifth conviction. With that determination, we agree with the circuit court that Cooper failed to have five years' worth of time between his 2004 conviction and 2013 offense during which he was not "in actual confinement serving a criminal sentence." As a result, the circuit court properly sentenced him as a repeater.

¶ 14. Cooper also asserts his trial counsel was ineffective for failing to raise this penalty-enhancer issue before the circuit court. Because we conclude that this issue is without merit, we also conclude his trial counsel did not perform ineffectively in failing to raise it at sentencing. *See State v. Toliver*, 187 Wis. 2d 346, 360, 523 N.W.2d 113 (Ct. App. 1994) (counsel is not ineffective for failing to pursue a meritless issue).

*By the Court.*—Judgment and order affirmed.