IN the MATTER OF the TRUST OF CATHERINE H. BOWEN CHARITABLE TRUST:

Eric J. WEINBERGER, Appellant,

v.

John F. BOWEN, Co-Trustee-Respondent,

Catherine H. BOWEN, Respondent,

Christopher H. BOWEN, Successor-Trustee-Respondent,

Jennifer B. WEINBERGER, Melinda L. Bowen, Sarah I. Bowen, Michael S. Bowen and Erik A. Bowen, Beneficiaries-Respondents.

Court of Appeals

*No. 00–0903. Submitted on briefs October 2, 2000.—Decided November 8, 2000.*

2000 WI App 264

(Also reported in 622 N.W.2d 471.)

On behalf of the appellant, the cause was submitted on the briefs of *Gerald M. O'Brien* of *Anderson, Shannon, O'Brien, Rice & Bertz* of Stevens Point.

On behalf of the co-trustee-respondent, respondent, successor-trustee-respondent, and beneficiaries-respondents, the cause was submitted on the brief of *William E. Duffin* of *Godfrey & Kahn, S.C.* of Milwaukee.

Before Brown, P.J., Nettesheim and Anderson, JJ.

¶ 1. NETTESHEIM, J. Eric J. Weinberger appeals from a circuit court order removing him as a co-trustee of the Catherine H. Bowen Charitable Trust and appointing another in his stead. The order was premised upon WIS. STAT. § 701.12(1) (1997–98),[1] which permits revocation, modification or termination of a trust upon the written consent of the settlor and all beneficiaries.[2]

¶ 2. On appeal, Weinberger argues that his removal under WIS. STAT. § 701.12(1) violated an express provision in the trust agreement that barred

[1] All references to the Wisconsin Statutes are to the 1997–98 version.

[2] The order also provided that in the future a co-trustee could be removed by the vote of a majority of the legally competent descendants of the settlor. Weinberger does not appeal this provision of the order.

57

modification of the trust. Instead, Weinberger argues that he could only be removed for cause pursuant to WIS. STAT. § 701.18(2). And since the court did not conduct any factual inquiry as to cause for his removal, Weinberger asks that we reverse the order.

¶ 3. We agree with the circuit court that WIS. STAT. § 701.12(1), not WIS. STAT. § 701.18(2), applies to this case. Therefore, we affirm the order.

## *HISTORY*

¶ 4. The relevant facts are brief and undisputed. We take them from the petition which initiated this action. Catherine H. Bowen established the Catherine H. Bowen Charitable Trust under a trust agreement dated September 12, 1988. Catherine named her son John F. Bowen as one co-trustee and Weinberger, who was married to her granddaughter Jennifer, as the other co-trustee. The trust included the following provision at Article III:

> Revocation or Amendment of Trust. It is the intention of the Grantor that any transfer to any Trust created under this Trust Agreement shall constitute an irrevocable gift without possibility of reverter. *This Trust is irrevocable and neither the Grantor nor any other person shall have the power to alter, amend or modify this Trust Agreement except as specifically provided in paragraph 3.8, below.*[3] (Emphasis added.)

---

[3] Paragraph 3.8, entitled Limited Power to Amend, authorizes the co-trustees to amend the trust agreement for purposes of assuring that the trust continued to qualify as a "charitable lead unitrust" under relevant tax law. This provision is not germane to the appellate issue.

¶ 5. After the trust was created, Jennifer commenced a divorce action against Weinberger. As a result, Bowen, the co-trustee, asked Weinberger to resign as a co-trustee. Weinberger refused. Consequently, Catherine and all of the trust beneficiaries commenced the instant action by written petition asking the circuit court to substitute a new co-trustee in place of Weinberger.[4] The petition was brought pursuant to WIS. STAT. § 701.12(1), which authorizes the revocation, modification or termination of a trust upon "written consent of the settlor and all beneficiaries." In the alternative, the petition sought Weinberger's removal for cause pursuant to WIS. STAT. § 701.18(2).[5]

¶ 6. The parties submitted written briefs and oral arguments to the circuit court. In a bench decision, the court ruled that WIS. STAT. § 701.12(1) was the controlling statute. Since Catherine and all of the beneficiaries had consented in writing to the modification of the trust as required by the statute, the court ordered Weinberger's removal as a co-trustee. Weinberger appeals.

---

[4] The petition also asked the circuit court to order that any future co-trustee could be removed by a vote of a majority of the legally competent descendants of the settlor. *See supra* note 2.

[5] In support of the removal for cause, the petition alleged that Weinberger "is unsuitable to continue in office because the pending dissolution of the marriage of [Weinberger and Jennifer] has created a conflict wherein [Weinberger] no longer is able to fulfill his fiduciary duty of undivided loyalty to the beneficiaries and to administer the Trust in an objective and unbiased manner."

## STANDARD OF REVIEW

¶ 7.    We first address our standard of review. The trial court record in this case consists of the written petition, the parties' written briefs and the transcript of their oral arguments. The parties did not seek, and the circuit court did not conduct, a formal trial. Thus, we have a "paper record." In such a setting, we need not give any special deference to the trial court's findings or rulings because we are in as good a position as the trial court to address the issue. *See Racine Educ. Ass'n v. Racine Bd. of Educ.*, 145 Wis. 2d 518, 521, 427 N.W.2d 414 (Ct. App. 1988); *see also State ex rel. McMillian v. Dickey*, 132 Wis. 2d 266, 281 n.15, 392 N.W.2d 453 (Ct. App. 1986). Moreover, in this case we are required to apply the statutes at issue to a particular set of facts. That exercise presents a question of law which we decide independently of, and without deference to, the trial court's ruling. *See Midwest Developers v. Goma Corp.*, 121 Wis. 2d 632, 651, 360 N.W.2d 554 (Ct. App. 1984). Thus, our review is de novo.

¶ 8.    Despite our de novo standard of review, we value a trial court's decision. *See Scheunemann v. City of West Bend*, 179 Wis. 2d 469, 475–76, 507 N.W.2d 163 (Ct. App. 1993). Here the circuit court has provided us with a well-reasoned decision that is helpful and informative on the issue.

## DISCUSSION

¶ 9.    We begin by setting out the two statutes at issue. WISCONSIN STAT. § 701.12(1) provides:

> By written consent of the settlor and all beneficiaries of a trust or any part thereof, such trust or part thereof may be revoked, modified or termi-

nated, except as provided under s. 445.125 (1) (a) 2. to 4.

WISCONSIN STAT. § 701.18(2) provides in pertinent part:

> REMOVAL. A trustee may be removed in accordance with the terms of the creating instrument or the court may, upon its own motion or upon a petition by a beneficiary or cotrustee, and upon notice and hearing, remove a trustee who fails to comply with the requirements of this chapter or a court order, or who is otherwise unsuitable to continue in office.

¶ 10.   In this court, the parties renew their trial court arguments. The petitioners contend that WIS. STAT. § 701.12(1) plainly and unambiguously governs the issue because Catherine and all of the trust beneficiaries have, by their written petition, consented in writing to the modification substituting another in place of Weinberger as a co-trustee. Weinberger argues that the trust provision prohibiting modification or amendment of the trust agreement precludes the application of § 701.12(1). Instead, Weinberger contends that the petitioners' only recourse was to seek his removal for cause pursuant to WIS. STAT. § 701.18(2), which he argues is the more specific statute under the circumstances of this case. *See Gillen v. City of Neenah,* 219 Wis. 2d 806, 822, 580 N.W.2d 628 (1998) ("Where general and specific statutory provisions are in conflict, the specific provisions take precedence.").

¶ 11.   We reject Weinberger's argument. We agree with the circuit court's holding that WIS. STAT. § 701.12(1) clearly and unambiguously allows for the revocation, modification or termination of a trust upon the written consent of the settlor and all the trust beneficiaries. That, of course, is precisely what occurred in this case. The circuit court also correctly observed that

61

the statute does not limit its application to only certain situations. Rather, the court concluded that the statute applies "to any scenario . . . where the trust may be silent or may be ambiguous or has an express bar against amendments."

¶ 12.    Weinberger argues that the circuit court's ruling overrides the intent of the settlor as expressed in the trust agreement. He cites to case law which holds that a court is obligated to uphold the intent of the settlor. *See Upham v. Plankinton*, 152 Wis. 275, 283–84, 140 N.W. 5 (1913), and *In re Charitable Trust, Oshkosh Found.*, 61 Wis. 2d 432, 442, 213 N.W.2d 54 (1973). We, of course, accept this fundamental principle of the law of trusts. And we further accept that, in most cases, the trust document will control on this question because the settlor is deceased. *See, e.g., Upham*, 152 Wis. at 277. But here the settlor is still living and her current intent as to who should serve as a co-trustee is unequivocally expressed via her written consent to the removal of Weinberger and her desire to substitute another in his stead. We cannot discern any sound reason why the settlor and all of the beneficiaries should be precluded from modifying the terms of a trust if all are in agreement that such action is appropriate. By its enactment of WIS. STAT. § 701.12(1), the legislature also apparently could discern no such reason. In short, the statute, and our application of it to this case, honors the intent of the settlor.

¶ 13.    Weinberger further argues that WIS. STAT. § 701.18(2), permitting removal of a trustee for cause, not WIS. STAT. § 701.12(1), is the operative statute in this situation. We acknowledge that a plain and unambiguous statute such as § 701.12(1) may be rendered

ambiguous by its interaction with other statutes. *See McDonough v. DWD*, 227 Wis. 2d 271, 278, 595 N.W.2d 686 (1999). In that situation, we read the statutes in pari materia, attempting to give meaning to both. *See id.* at 279–80. In addition, we note that a statute which is plain on its face may also be rendered ambiguous by the context in which it is sought to be applied. *See Roehl v. American Family Mut. Ins. Co.*, 222 Wis. 2d 136, 145, 585 N.W.2d 893 (Ct. App.), *review denied*, 222 Wis. 2d 676, 589 N.W.2d 630 (Wis. Dec. 15, 1998) (No. 98–1207–FT).

¶ 14. But we agree with the circuit court that the two statutes serve different purposes. On the one hand, WIS. STAT. § 701.12(1) allows a settlor and all of the trust beneficiaries to revoke, modify or terminate a trust if all are in agreement. Such a removal need not be premised on any cause. On the other hand, WIS. STAT. § 701.18(2) provides a means for removing a trustee where the conditions envisioned by § 701.12(1) do not exist. However, in that setting, the trustee can be removed only upon a showing of cause. Thus, § 701.18(2) would apply where the settlor and all of the trust beneficiaries are not in agreement that removal is appropriate, or where the settlor is no longer living and therefore unable to provide written consent to the removal as required by § 701.12(1).

¶ 15. In summary, WIS. STAT. § 701.12(1) is not rendered ambiguous by its interaction with WIS. STAT. § 701.18(2) or by its application to the facts of this case. Therefore, we reject Weinberger's argument that by allowing for his removal under § 701.12(1), we are defeating the legislative purpose served by § 701.18(2). We agree with the circuit court that the two statutes serve different purposes in different situations.

## CONCLUSION

¶ 16.   We uphold the circuit court's ruling that WIS. STAT. § 701.12(1) was the controlling statute in this case. Therefore, we affirm the order removing Weinberger as a co-trustee and substituting another in his stead.[6]

*By the Court.*—Order affirmed.

---

[6] Because we hold that WIS. STAT. § 701.12(1) governs this case, we need not address Weinberger's further argument that the circuit court erred by failing to conduct an evidentiary hearing as to whether he should be removed for cause pursuant to WIS. STAT. § 701.18(2).