STATE of Wisconsin, Plaintiff-Respondent,

v.

Jacob E. HERMAN, Defendant-Appellant.†

Court of Appeals

*No. 01–1118–CR. Submitted on briefs October 15, 2001.—Decided December 18, 2001.*

2002 WI App 28

(Also reported in 640 N.W.2d 539.)

† Petition to review denied 4-22-02.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jefren E. Olsen*, assistant state public defender, and *Jack E. Schairer*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *James C. Babler*, district attorney.

Before Cane, C.J., Hoover, P.J., and Peterson, J.[1]

¶ 1. CANE, C.J. Jacob Herman appeals from the sentencing portion of a judgment convicting him of possession of THC contrary to WIS. STAT. § 961.41(3g)(e). The circuit court suspended Herman's operating privilege for six months after concluding that it had no discretion to impose less than the minimum suspension mandated by WIS. STAT. § 961.50, which applies to those who are convicted of violating WIS. STAT. ch. 961. This appeal presents a single issue: whether § 961.50 prescribes a "minimum sentence" as that term is used in WIS. STAT. § 961.438, which provides that minimum sentences for violations of ch. 961

---

[1] On April 8, 2001, this court granted Jacob Herman's motion for a three-judge panel, which the State did not oppose. *See* WIS. STAT. RULE 809.41(3). All statutory references are to the 1999–2000 version unless otherwise noted.

are presumptive, rather than mandatory. We conclude that a suspension imposed pursuant to § 961.50 is not a "minimum sentence" as that term is used in § 961.438 and that it is a mandatory penalty. Accordingly, we affirm the judgment.

## STATEMENT OF FACTS

¶ 2. The facts are undisputed. Herman pled guilty to misdemeanor possession of THC. Prior to sentencing, Herman asked the circuit court not to impose the minimum six-month suspension of operating privileges dictated by WIS. STAT. § 961.50. Herman asserted that the suspension was not warranted because he was not driving at the time of his offense and he needs his car for employment. Herman argued that the court had discretion to suspend his operating privilege for less than six months because the § 961.50 suspension is presumptive rather than mandatory, pursuant to WIS. STAT. § 961.438.

¶ 3. The court withheld sentence and placed Herman on probation for one year. However, the court also suspended Herman's operating privilege for six months after concluding that it had no discretion to impose less than the six-month suspension dictated by WIS. STAT. § 961.50. The court agreed that if it had discretion to impose a shorter suspension, it would consider doing so. This appeal followed.

## APPLICABLE STATUTES

¶ 4. Two statutes are at issue in this case.[2] The first, WIS. STAT. § 961.438, provides:

---

[2] Both statutes were originally part of WIS. STAT. ch. 161, which was renumbered ch. 961 in 1995. *See* 1995 Wis. Act 448 §§ 106–323. For purposes of this opinion, we will refer to the

**Minimum sentence.** Any minimum sentence under this chapter is a presumptive minimum sentence. Except as provided in s. 973.09(1)(d),[3] the court may impose a sentence that is less than the presumptive minimum sentence or may place the person on probation only if it finds that the best interests of the community will be served and the public will not be harmed and if it places its reasons on the record.

¶ 5. The second statute, WIS. STAT. § 961.50, provides:

**Suspension or revocation of operating privilege. (1)** If a person is convicted of any violation of this chapter, the court shall, in addition to any other penalties that may apply to the crime, suspend the person's operating privilege, as defined in s. 340.01(40), for not less than 6 months nor more than 5 years. The court shall immediately take possession of any suspended license and forward it to the department of transportation together with the record of conviction and notice of the suspension. The person is eligible for an occupational license under s. 343.10 as follows:

(a) For the first such conviction, at any time.

(b) For a 2nd conviction within a 5–year period, after the first 60 days of the suspension or revocation period.

---

statutes as part of ch. 961 except where it is necessary to specify a statute as it existed prior to 1995.

[3] WISCONSIN STAT. § 973.09(1)(d) provides in part:

If a person is convicted of an offense that provides a mandatory or presumptive minimum period of one year or less of imprisonment, a court may place the person on probation under par. (a) if the court requires, as a condition of probation, that the person be confined under sub. (4) for at least that mandatory or presumptive minimum period.

(c) For a 3rd or subsequent conviction within a 5–year period, after the first 90 days of the suspension or revocation period.

(2) For purposes of counting the number of convictions under sub. (1), convictions under the law of a federally recognized American Indian tribe or band in this state, federal law or the law of another jurisdiction, as defined in s. 343.32(1m)(a), for any offense therein which, if the person had committed the offense in this state and been convicted of the offense under the laws of this state, would have required suspension or revocation of such person's operating privilege under this section, shall be counted and given the effect specified under sub. (1). The 5–year period under this section shall be measured from the dates of the violations which resulted in the convictions.

(3) If the person's license or operating privilege is currently suspended or revoked or the person does not currently possess a valid operator's license issued under ch. 343, the suspension or revocation under this section is effective on the date on which the person is first eligible and applies for issuance, renewal or reinstatement of an operator's license under ch. 343.

## LEGAL STANDARDS

¶ 6. Resolution of this issue requires construction of WIS. STAT. §§ 961.50 and 961.438, an issue of law that we review independently. *See State v. Schmitt*, 145 Wis. 2d 724, 729–30, 429 N.W.2d 518 (Ct. App. 1988). The aim of all statutory construction is to ascertain the legislature's intent. *Kerkvliet v. Kerkvliet*, 166 Wis. 2d 930, 939, 480 N.W.2d 823 (Ct. App. 1992). In determining that intent, we first consider the statutory language. *Id.* We also bear in mind that statutes relating to

the same subject matter should be read together and harmonized if possible. *See id.*

¶ 7. A statute is ambiguous when it is capable of being understood in two or more different senses by reasonably well-informed persons. *State v. Setagord*, 211 Wis. 2d 397, 406, 565 N.W.2d 506 (1997). If a statute is ambiguous, we look to the scope, history, context, subject matter and object of the statute in order to ascertain legislative intent. *Id.* Whether a statute is ambiguous is a question of law. *Awve v. Physicians Ins. Co.*, 181 Wis. 2d 815, 822, 512 N.W.2d 216 (Ct. App. 1994).

## DISCUSSION

¶ 8. At issue is whether a suspension imposed pursuant to WIS. STAT. § 961.50 constitutes a "minimum sentence" as that term is used in WIS. STAT. § 961.438. If a suspension is a "minimum sentence" under § 961.438, then it would be presumptive, rather than mandatory. We conclude that § 961.50 suspensions are not "minimum sentences" subject to § 961.438 and that they are mandatory.

¶ 9. As Herman recognizes, the term "sentence" is not defined in WIS. STAT. § 961.438 or anywhere else in WIS. STAT. ch. 961. Nor has case law construed the term "sentence" as used in § 961.438, except in cases acknowledging that it applies to incarceration. *See, e.g., State v. Mohr*, 201 Wis. 2d 693, 696, 701, 549 N.W.2d 497 (Ct. App. 1996) (citing § 161.438 (1993–94), now renumbered WIS. STAT. § 961.438, court states that law presumes defendant, convicted of violating 161.41(1m)(cm)2 (1993–94), will be sentenced to at least two years in

prison unless the defendant convinces the court that the best interests of the community would be served and the public would not be harmed by probation or a lesser sentence).

¶ 10. Nonetheless, case law has generally defined "sentence" as "the judgment of conviction by which the court imposes the punishment or penalty provided by the statute for the offense" upon the person being found guilty. *See State v. Price*, 231 Wis. 2d 229, 232, 604 N.W.2d 898 (Ct. App. 1999). *Price* also recognized that, in appropriate cases, the terms "sentence" and "sentencing" will be given their stricter legal meaning if the statute or law so requires. *See id.* "[W]hether a 'sentence' will be construed in a narrow or broad fashion depends on the purpose of the particular statute under consideration." *Id.* at 234.

¶ 11. Herman argues that the term "minimum sentence" in WIS. STAT. § 961.438 is ambiguous because it is capable of being understood in two or more different senses by reasonably well-informed persons. He contends the term can be construed narrowly to cover only the minimum terms of imprisonment and minimum fines prescribed in WIS. STAT. ch. 961. In the alternative, it can be construed broadly to cover all "penalties and punishments" provided in ch. 961 and imposed in the judgment of conviction, including the suspension of operating privileges under WIS. STAT. § 961.50. We agree that § 961.438 is, on its face, ambiguous.

¶ 12. However, we conclude that WIS. STAT. § 961.50 is not, on its face, ambiguous. First, § 961.50(1) provides that the penalty imposed is an additional penalty, above and beyond other penalties in WIS. STAT. ch. 961. The statute states, "the court shall, *in addition to any other penalties that may apply to the*

*crime,* suspend the person's operating privilege. . . ." (emphasis added). *See Karow v. Milwaukee County Civil Serv. Comm'n,* 82 Wis. 2d 565, 570, 263 N.W.2d 214 (1978) (use of the word "shall" creates a presumption that the statute is mandatory). Moreover, there is no explicit attempt to incorporate Wis. Stat. § 961.438 in the statute, which arguably shows a lack of intent to apply § 961.438 to § 961.50.

¶ 13. Also, Wis. Stat. § 961.50 does not anticipate that an offender will receive a suspension of less than six months, or no suspension at all. The statute provides that the circuit court "shall immediately take possession of any suspended license." The statute also lays out a specific timeline for seeking an occupational license. This specificity does not contemplate that a person's operating privilege may have been suspended for less than six months, or not at all.

¶ 14. Although we have concluded that Wis. Stat. § 961.50 is unambiguous on its face, we recognize that a statute that is plain on its face may be rendered ambiguous by the context in which it is sought to be applied. *See Weinberger v. Bowen,* 2000 WI App 264, ¶ 13, 240 Wis. 2d 55, 622 N.W.2d 471. We conclude that the interaction of Wis. Stat. § 961.438 and § 961.50 does create an ambiguity. Although § 961.50 suggests that suspension of operating privileges is mandatory, other statutes in Wis. Stat. ch. 961 to which § 961.438 undisputedly applies—those involving incarceration— contain similar mandatory language and no references to § 961.438.[4] *See, e.g.,* Wis. Stat. § 961.41(1)(cm)(2)

---

[4] As previously noted, the term "sentence" in Wis. Stat. § 961.438 has only been interpreted in passing, such as in *State v. Mohr,* 201 Wis. 2d 693, 701, 549 N.W.2d 497 (Ct. App.

(defendant "shall be imprisoned for not less than one year nor more than 22 years and 6 months.").

¶ 15. Because we have concluded that the interaction of WIS. STAT. §§ 961.438 and 961.50 creates an ambiguity, we must examine the scope, history, context, subject matter and object of the statutes in order to ascertain legislative intent. *See Setagord*, 211 Wis. 2d at 405–06. We begin with § 961.438, which was originally enacted as WIS. STAT. § 161.438 and renumbered in 1995.

¶ 16. Mandatory minimum sentences disappeared from Wisconsin's statutes in 1971 and were resurrected in the form of "presumptive" minimums. *See Mohr*, 201 Wis. 2d at 699; Laws of 1971, ch. 219 (repealing WIS. STAT. § 161.28 (1969); 1989 Wis. Act 121 § 53m (creating WIS. STAT. § 161.438 (1989–90)). Section 161.438 was created during a special session of the legislature that addressed legislation developed by the Assembly Special Committee on Drug Enforcement, Education and Treatment. Our review of the Legislative Reference Bureau drafting files does not illuminate the legislative intent regarding the meaning of "minimum sentence."

¶ 17. WISCONSIN STAT. § 161.438, now renumbered § 961.438, appears in WIS. STAT. ch. 961, the Uniform Controlled Substances Act. The Act addresses

---

1996), where the court assumed that the term "sentence" in § 961.438 includes incarceration. The parties do not dispute that § 961.438 includes incarceration. Because resolution of this appeal requires us to determine only whether "sentence" also includes suspensions pursuant to WIS. STAT. § 961.50, we do not address what other penalties in WIS. STAT. ch. 961, *e.g.*, fines, may fall within the definition of "sentence." *See Clark v. Waupaca County Bd. of Adj.*, 186 Wis. 2d 300, 304, 519 N.W.2d 782 (Ct. App. 1994) (we need only address dispositive issues and decide the matter on the narrowest ground).

the manufacture, distribution, delivery, possession and use of controlled substances, providing substantial penalties for those who traffic controlled substances. *See* WIS. STAT. § 961.001. However, penalties for those who are addicted to or experiment with controlled substances focus on treatment and rehabilitation. *See id.* Section 961.438 provides a blanket exception to the imposition of mandatory sentences, allowing courts to impose less than presumptive minimums if the best interests of the community would be served and the public would not be harmed by probation or a lesser sentence.

¶ 18. Although our examination of the scope, history, context, subject matter and object of WIS. STAT. § 961.438 satisfies us that the statute was intended to make sentences of incarceration presumptive rather than mandatory, it sheds little light on the issue presented here: whether § 961.438 was also intended to apply to subsequently passed legislation on operating privilege suspensions.

¶ 19. However, our examination of the scope, history, context, subject matter and object of WIS. STAT. § 961.50 is more illuminating. Originally numbered § 161.50, the statute was created in 1991 in response to federal legislation requiring states to revoke operators' licenses for drug offenses or suffer the loss of federal highway funds. In a 1990 memorandum to the Legislative Reference Bureau, the Department of Administration explained:

> The recently passed Federal Transportation Appropriations Bill (Public Law 101–516, section 333 signed by President Bush on November 5, 1990) contains a provision encouraging individual states to enact legislation to revoke, for at least six months, the driver's license of

176

any individual convicted of a drug offense. With some exceptions, there is a penalty for failure to comply with this provision.

¶ 20. The federal legislation provided that a state would satisfy the federal requirements if:

(A) the State has enacted and is enforcing a law that requires in all circumstances, or requires in the absence of compelling circumstances warranting an exception—

(i) the revocation, or suspension for at least 6 months, of the driver's license of any individual who is convicted, after the enactment of such law, of—

(I) any violation of the Controlled Substances Act, or

(II) any drug offense, and

(ii) a delay in the issuance or reinstatement of a driver's license to such an individual for at least 6 months after the individual applies for the issuance or reinstatement of a driver's license if the individual does not have a driver's license, or the driver's license of the individual is suspended, at the time the individual is so convicted.[5]

See Pub. L. No. 101–516, § 333, amending 23 U.S.C. § 104.[6]

¶ 21. In August 1991, Wisconsin passed 1991 Wis. Act 39, the budget bill, which included the creation of Wis. Stat. § 161.50, providing in relevant part:

(1) If a person is convicted of any violation of this chapter, the court shall, in addition to any other pen-

---

[5] The legislation also provided that a state could instead object to passing legislation by passing a resolution. Because the Wisconsin Legislature chose to enact the legislation, this option is not relevant to this appeal.

[6] The most current version of this federal law is located at 23 U.S.C. § 159.

alties that may apply to the crime, suspend the person's operating privilege, as defined in s. 340.01 (40), for not less than 6 months nor more than 5 years. The court shall immediately take possession of any suspended license and forward it to the department of transportation together with the record of conviction and notice of the suspension or revocation. If required by s. 345.54(1), the court shall impose an automatic reinstatement assessment of $50. The person is eligible for an occupational license under s. 343.10 as follows:

(a) For the first such conviction, at any time.

(b) For a 2nd conviction within a 5–year period, after the first 60 days of the suspension or revocation period.

(c) For a 3rd or subsequent conviction within a 5–year period, after the first 90 days of the suspension or revocation period.

*See* 1991 Wis. Act 39, § 2703.

¶ 22. WISCONSIN STAT. § 161.50, now renumbered WIS. STAT. § 961.50, is consistent with the requirements of the federal legislation.[7] Specifically, § 961.50(1) indicates that the legislature chose to make suspensions applicable in all cases. Pursuant to the federal legislation, states had the opportunity to require suspensions "in all circumstances," or to require suspensions "in the absence of compelling circumstances warranting an exception." *See* Pub. L. No. 101–516, § 333(A). Nothing in § 961.50(1) suggests that the legislature elected to

---

[7] WISCONSIN STAT. § 161.50 as it was originally enacted did not, however, contain a provision addressing cases where the individual lacks a valid driver's license at the time of the offense, as required by Pub. L. No. 101–516, § 333(A)(ii). This provision was added to WIS. STAT. § 161.50 in 1993. *See* 1993 Wis. Act 480.

require suspensions "in the absence of compelling circumstances warranting an exception." We conclude that the lack of a reference to "compelling circumstances" shows that the legislature intended to select the option of requiring suspensions "in all circumstances."

¶ 23. Herman disagrees, arguing that the legislature intended to select the option of suspending licenses only in the "absence of compelling circumstances." *See* Public Law 101–516 § 333(A). Under Herman's theory, the legislature knew that WIS. STAT. § 961.438 would apply, and therefore it did not use the language "compelling circumstances" in § 961.50 and did not refer to WIS. STAT. § 961.438. We reject this argument. It would be unreasonable for the legislature to assume that courts would automatically (1) consider the penalties of § 961.50 to be "minimum sentences" subject to § 961.438, and (2) conclude that the need to establish an "absence of compelling circumstances" would be satisfied by a trial court's determination "that the best interests of the community will be served and the public will not be harmed and if it places its reasons on the record." *See* WIS. STAT. § 961.438.

¶ 24. We conclude that the penalty outlined in WIS. STAT. § 961.50 was not intended to constitute a "minimum sentence" under WIS. STAT. § 961.438. Section 961.50 provides a mandatory penalty that the circuit court had no discretion to disregard. Therefore, the court correctly rejected Herman's request to impose a suspension of less than six months.

*By the Court.*—Judgment affirmed.