VILLAGE OF GRAFTON, Plaintiff-Respondent,

v.

Eric L. SEATZ, Defendant-Appellant.

Court of Appeals

*No. 2013AP1414. Submitted on briefs December 19, 2013.—
Decided January 29, 2014.*

2014 WI App 23

(Also reported in 845 N.W.2d 672.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Mark A. Langholz* of *Levy & Levy, S.C.,* Cedarburg.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Johnathan G. Woodward* of *Houseman & Feind, LLP,* Grafton.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J. Eric L. Seatz appeals from that part of an order requiring him to install ignition interlock devices per WIS. STAT. § 343.301(1g)(b)2. (2011–12).[1] The issue presented is straightforward: Must a court order the installation of an ignition interlock device when a defendant is convicted of first-offense operating while intoxicated (OWI) and also has a prior conviction for an OWI offense? The answer is yes. Therefore, we affirm the order of the circuit court.[2]

---

[1] This appeal was converted from a one-judge appeal to a three-judge appeal under WIS. STAT. § 752.31(3) and WIS. STAT. RULE 809.41(1) (2011–12). All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

[2] A more technical recitation of the issue can be characterized as follows: Must a court order the installation of an

748

## STATEMENT OF FACTS

¶ 2.  On September 22, 2012, Seatz was stopped by a Village of Grafton police officer and consented to a chemical test that determined he had an alcohol concentration of .13 about an hour after he had been driving. Seatz was arrested for OWI and driving with a prohibited alcohol concentration. Neither the legality of the stop nor the arrest was at issue in municipal or circuit court. The only issue was whether the ignition interlock device statute, WIS. STAT. § 343.301, applied to Seatz.

¶ 3.  Seatz had a prior conviction for OWI from Michigan, but as that conviction was more than ten years prior to his September 22, 2012 violation[3] he could not be charged or penalized criminally for second-offense OWI. *See* WIS. STAT. § 346.65(2)(am)1.-2. Seatz argued to the municipal court—and later to the circuit court, which held a de novo trial at his request—that the ignition interlock device requirement did not apply to him as a repeat offender. Neither the municipal court nor the circuit court agreed with Seatz. Seatz appeals the circuit court's order for the installation of an ignition interlock device.

### STANDARD OF REVIEW

██

¶ 4.  Seatz's appeal requires us to interpret a statute, which we do de novo. *State v. Skibinski*, 2001 WI App 109, ¶ 6, 244 Wis. 2d 229, 629 N.W.2d 12. In our

---

ignition interlock device when a defendant is convicted of OWI, subject to a penalty under WIS. STAT. § 346.65(2)(am)1., and has a prior conviction for an OWI offense as defined by WIS. STAT. § 343.307(1)?

[3] Seatz was convicted on February 26, 1997, for an OWI offense that occurred on February 14, 1997.

review, we will reject an unreasonable construction of a statute as we attempt to determine and give effect to the intent of the legislature. *Id.*

## DISCUSSION

¶ 5.  WISCONSIN STAT. § 343.301(1g) requires a court to order an ignition interlock device if a motorist has improperly refused to take a test for intoxication under WIS. STAT. § 343.305, has an alcohol concentration of .15 or more at the time of an OWI violation, or commits an OWI violation and has one or more prior OWI convictions as defined by WIS. STAT. § 343.307(1). We note at the outset of our discussion that the legislature did not limit § 343.301 to criminal OWI cases; a refusal or an alcohol concentration exceeding .15 on a first-offense OWI would each mandate an ignition interlock device order.

¶ 6.  Seatz's argument is premised on the language of WIS. STAT. § 343.301(1g)(b)2., which provides for the installation of ignition interlock devices when "[t]he person violated [WIS. STAT. §] 346.63(1) or (2) . . . [and] has a total of one or more prior convictions, suspensions, or revocations, counting convictions under [WIS. STAT. §§] 940.09(1) and 940.25 in the person's lifetime and other convictions, suspensions, and revocations counted under [WIS. STAT. §] 343.307(1)." Seatz argues that "other convictions . . . counted under [§] 343.307(1)" must be read to mean that as his prior OWI conviction could not be "counted" to charge or penalize him as a repeat offender on the 2012 charge under WIS. STAT. § 346.65(2)(am)2.,[4] his prior OWI conviction likewise cannot be "counted"

---

[4] WISCONSIN STAT. § 346.65(2)(am)2. provides:

Any person violating [WIS. STAT. §] 346.63(1):

. . . .

to order him to install ignition interlock devices as a repeat offender on the 2012 charge. We disagree as § 343.307(1) simply outlines what may be counted as prior OWI convictions, whereas §§ 346.65 and 343.301 set forth different ways in which to count these convictions for the different penalties and consequences related to the latest conviction.

¶ 7. The significance of WIS. STAT. § 343.307(1) as it relates to Seatz is that his Michigan conviction constitutes a prior OWI conviction for purposes of the penalties and collateral consequences for OWI convictions in Wisconsin. *See* § 343.307(1)(d). Seatz does not challenge whether his 1997 Michigan OWI conviction is a prior OWI conviction under § 343.307(1). As the prior conviction occurred more than ten years before the 2012 charge, however, WIS. STAT. § 346.65(2)(am)2. prevents Seatz from being charged with or criminally penalized for a second offense under Wisconsin's accelerated penalty scheme for OWI offenders. In contrast, WIS. STAT. § 343.301(1g)(b)2. requires an order for ignition interlock devices when a person violates WIS. STAT. § 346.63(1) and has one or more prior OWI convictions, including convictions counted under § 343.307(1)(d), i.e., OWI convictions from other jurisdictions. Unlike § 346.65(2)(am)2., § 343.301(1g)(b)2. provides no restrictions on how to count prior convictions under § 343.307(1) for purposes of ordering ignition interlock devices.

Except as provided in pars. (bm) and (f), shall be fined not less than $350 nor more than $1,100 and imprisoned for not less than 5 days nor more than 6 months if the number of convictions under [WIS. STAT. §§] 940.09(1) and 940.25 in the person's lifetime, plus the total number of suspensions, revocations, and other convictions counted under [WIS. STAT. §] 343.307(1) within a 10–year period, equals 2, except that suspensions, revocations, or convictions arising out of the same incident or occurrence shall be counted as one.

¶ 8. The ten-year look-back provision in Wis. Stat. § 346.65(2)(am)2. for purposes of determining whether to charge or penalize a repeat OWI offender civilly or criminally is independent of whether a person has one or more prior OWI convictions under Wis. Stat. § 343.307(1) and has no effect on orders for ignition interlock devices under Wis. Stat. § 343.301. The different language of §§ 346.65(2)(am)2. and 343.301(1g)(b)2. indicates that the legislature had different intentions for how each statute treats prior OWI convictions. *Cf.* Wis. Stat. § 343.30(1q)(b)3.; *State v. Banks*, 105 Wis. 2d 32, 42–43, 313 N.W.2d 67 (1981). The absence of an explicit attempt to incorporate the ten-year limitation from § 346.65(2)(am)2. into either § 343.307(1) or § 343.301(1g)(b)2. shows the legislature did not intend to apply the ten-year limitation to the ignition interlock device statute. *See State v. Herman*, 2002 WI App 28, ¶ 12, 250 Wis. 2d 166, 640 N.W.2d 539.

¶ 9. The fact that our legislature has chosen to excuse repeat OWI offenders from criminal prosecution if they have one OWI conviction more than ten years prior to their latest offense is the legislature's prerogative. The legislature's leniency toward repeat offenders in Wis. Stat. § 346.65 does not erase those prior convictions from consideration in a collateral statute, such as Wis. Stat. § 343.301. The legislature mandates that anyone with more than one OWI conviction as defined by Wis. Stat. § 343.307(1) must have any vehicle he or she operates equipped with an ignition interlock device.

*By the Court.*—Order affirmed.