**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4596-17T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

MICHAEL CLARITY,

      Defendant-Appellant.

_____

**APPROVED FOR PUBLICATION**

**November 6, 2019**

**APPELLATE DIVISION**

Argued October 16, 2019 – Decided November 6, 2019

Before Judges Fisher, Accurso and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 13-10-0621.

Margaret Ruth McLane, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Tamar Yael Lerer, Assistant Deputy Public Defender, of counsel and on the briefs).

Paul Henry Heinzel, Assistant Prosecutor, argued the cause for respondent (Michael H. Robertson, Somerset County Prosecutor, attorney; Paul Henry Heinzel, of counsel and on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

In this appeal, we again consider the State's pursuit of an extended term sentence based on its claim that defendant is a persistent offender under N.J.S.A. 2C:44-3(a). In a prior appeal, we reversed and remanded for resentencing because the sentencing judge erroneously held that defendant was "last confine[d]" within ten years of the offense by equating "probation" with "confinement." State v. Clarity, 454 N.J. Super. 603, 611 (App. Div. 2018). Following our remand, the State offered evidence – not previously presented – of other incarcerations to demonstrate defendant was confined within ten years of the crime for which he was sentenced. Based on defendant's concession that this new information demonstrated he was eligible for an extended term under N.J.S.A. 2C:44-3(a), the judge imposed the same extended term as before. In appealing this new judgment of conviction, defendant argues the State's information about the "last release from confinement" was inadmissible and could not support a finding that he is a persistent offender. Because of defendant's concession at sentencing, we affirm.

We start with N.J.S.A. 2C:44-3(a), which permits imposition of a discretionary extended term when a defendant is found to be a persistent offender, which, as relevant here, is an offender whose last of two prior crimes was committed or when the offender's "last release from confinement" –

"whichever is later" – occurred within ten years of the crime for which sentence was imposed.

In the prior appeal, we determined that the trial judge mistakenly sentenced defendant to an extended term on a crime committed here on August 17 and 18, 2013,[1] when it was established that defendant's last prior crime occurred in Florida on July 26, 2003, slightly more than ten years before. Defendant was sentenced in Florida on the July 2003 offense to a three-year probationary term that did not include incarceration; notwithstanding, the sentencing judge held that being on probation is the equivalent of being "confined" and concluded defendant's "last release from confinement" – the date on which the probationary term ended – must have occurred within ten years. We rejected the judge's interpretation of "confinement" and remanded for resentencing. Clarity, 454 N.J. Super. at 611.

In deciding the first appeal, we also said that if "all that was before us" was the meaning of "confinement" and the significance of the probationary term, we would have "simply reverse[d] and remand[ed] for resentencing without application of N.J.S.A. 2C:44-3(a)." Id. at 612. But, as we observed in the

---

[1] Defendant pleaded guilty to third-degree child endangerment, N.J.S.A. 2C:24-4(a).

A-4596-17T3

third section of our prior opinion, the State had argued "and provided some evidence" to suggest defendant was "briefly detained in Florida in 2006" for having violated a condition of the probationary term. Ibid. While we questioned whether a brief detention in such circumstances would qualify as "confinement," we determined the best course – because facts about this 2006 incident "were not presented to the sentencing judge," ibid., although mentioned in the presentence report, id. at 612 n.8, and because these allegations were not then relied on by the sentencing judge – was to remand for resentencing and, if necessary, "further development" of the State's claim about the brief 2006 detention. Id. at 612.

At resentencing, the State provided, as we allowed, additional information about defendant's 2006 Florida arrest. That information suggested defendant was then arrested for a violation of probation and was detained for eighteen days before the judge imposed a six-month extension of the preexisting probationary term. The State also provided the sentencing judge with information about defendant's later scrapes with the Florida criminal justice system. The State referred to defendant's arrests in Florida:

- on March 1, 2007, for a violation of probation for which, on June 11, 2007, he was sentenced to a thirty-month prison term; defendant was released from prison on April 26, 2009.

4

- on September 10, 2010, for solicitation of prostitution for which, on October 4, 2010, he was sentenced to a twenty-five-day jail sentence.

This information about a second violation of probation in 2007 and a prostitution solicitation conviction in 2010 was never previously presented to the sentencing judge, never asserted by the State as a ground for finding defendant to be a persistent offender in its 2016 motion for an extended term, and never presented to us during defendant's first appeal. The submission of information about the 2007 and 2010 incidents also arguably exceeded the scope of the mandate expressed in our earlier opinion. The importance of the appellate remand in such an instance cannot be understated. See, e.g., State v. Randolph, 210 N.J. 330 (2012).

Without claiming that the State was barred from presenting this new information because of its failure to provide or cite to this information when moving for an extended term, and without questioning the sufficiency of the information provided at the time of resentencing, defendant's counsel acknowledged his client was eligible for an extended term as a persistent offender; counsel repeatedly conceded the facts necessary for imposition of an extended term by telling the sentencing judge:

- [I]t appears to me based upon the records that I was just shown that [defendant] was confined

A-4596-17T3

within ten years . . . prior to the alleged crime in this matter which would make him eligible for [a] discretionary extended term.

- I do not believe that the prior convictions being used for purposes of considering an extended term in any way violate Apprendi[2] because they're prior convictions.

- I am convinced that [defendant] is eligible for a discretionary extended term. The [c]ourt could sign an [o]rder to that effect.

- I do see based upon the records provided me today that [defendant] was released from confinement on violations of probation within the last ten years.

- The [c]ourt can certainly [conclude] that [defendant] is eligible for an extended term.

In light of these concessions, the judge imposed the same eight-year extended prison term, subject to a four-year period of parole ineligibility, on defendant's conviction for third-degree child endangerment.

Defendant appeals, arguing that the State failed to prove his eligibility for sentencing as a persistent offender and that his sentence was otherwise excessive because of "inappropriate double counting." We find insufficient merit in

---

[2] Apprendi v. New Jersey, 530 U.S. 466 (2000).

6

defendant's second argument to warrant discussion in a written opinion, R. 2:11-3(e)(2), and we reject the first argument for the following reasons.

In his first point, defendant argues the State failed to show he was a persistent offender. He claims the materials offered by the State to show he was last released from confinement following his service of a thirty-month prison term in Florida in 2009 are insufficient because those materials were inadmissible under the rules of evidence and not "Shepard-approved,"[3] citing Kirkland v. United States, 687 F.3d 878, 886 (7th Cir. 2012). We need not so closely peruse these materials to determine their admissibility or whether they would pass the constitutional test imposed by Shepard because defendant conceded the facts necessary to prove the State's claim that he is a persistent offender. In reaching this conclusion, we need only briefly identify the types of issues that might have posed impediments to the State's pursuit of an extended term in these circumstances.

What the State must prove and the level of proof required in such circumstances are engirdled not only by legislative guidelines but by constitutional limits as well. As for the former, we note that the Legislature has not expressly described the degree to which the State must prove the facts

---

[3] Shepard v. United States, 544 U.S. 13 (2005).

necessary for a finding that a defendant is a persistent offender. Elements of an offense must be proved beyond a reasonable doubt, N.J.S.A. 2C:1-13(a), but "[w]hen the application of the code depends upon the finding of a fact which is not an element of an offense, unless the code otherwise provides," N.J.S.A. 2C:1-13(d), "[t]he fact must be proved to the satisfaction of the court or jury, as the case may be," N.J.S.A. 2C:1-13(d)(2) (emphasis added). Similarly, the Legislature declared that a "prior conviction" – one aspect of a persistent offender finding – "may be proved by any evidence, including fingerprint records made in connection with arrest, conviction or imprisonment, that reasonably satisfies the court that the defendant was convicted." N.J.S.A. 2C:44-4(d) (emphasis added). While spelling out what is required when the State seeks to prove a prior conviction, the Legislature left a vacuum as to other aspects of what it means to be a persistent offender. In the prior appeal, we considered what the Legislature likely meant by its use of the word "confinement." Clarity, 454 N.J. Super. at 609. The level of proof necessary for a finding of a defendant's "last release from confinement" also resides in this vacuum.

Federal constitutional principles also limit a state's attempt to seek an extended term. In Apprendi, the Supreme Court recognized that the Sixth

Amendment requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Apprendi recognized only a single narrow exception to this principle: "the fact of a prior conviction." Ibid. Apprendi does not expressly hold that proof of the "last release from confinement" also falls within this narrow exception, nor are we aware of any authorities suggesting it does.

Assuming without deciding that facts concerning a defendant's last confinement, like a prior conviction, need not be found by a jury, we turn to defendant's arguments about the materials offered by the State and whether those materials comply with Shepard's requirements. Shepard refined the Court's earlier holding in Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998), and declared that, while the prior conviction exception remained in force, reviewing courts must be wary of adopting, on their face, facts suggested by a defendant's prior guilty plea or conviction. Shepard, 544 U.S. at 25. That is, the Court recognized there may be instances where a guilty plea or a conviction may not sufficiently demonstrate the commission of a crime that qualifies the defendant for an extended term and emphasized that it is the jury's finding of a disputed fact that is "essential" when increasing the "ceiling of a

9

potential sentence." Ibid.[4] Defendant argues that the State's information about the 2007 and 2010 incidents falls short of the certitude required by Shepard.

This contention is enhanced by the State's concession that its information about the 2006, 2007, and 2010 incidents are in a form that would preclude the information's admission under the rules of evidence. For example, one of the documents provided by the prosecution on remand was a copy of an email sent to the prosecutor's office – apparently conveyed by a Florida counterpart – that incorporated a "screen shot" of what a Florida database revealed about defendant's criminal history, as well as defendant's time in and out of Florida correctional facilities. This and other documents do not appear to be self-authenticating, see N.J.R.E. 902, and nothing was presented to allow for authentication in any other way suggested by the rules of evidence.

---

[4] In Shepard, the Court considered the fact that only certain prior convictions would allow for the extended term authorized by the Armed Career Criminal Act, 18 U.S.C. § 924(e). Burglary was listed as an eligible prior conviction but its inclusion was complicated by the fact that some states define burglary differently than others. Thus, the Court was required to consider what a sentencing judge might look to – consistent with the Sixth Amendment and due process – in determining whether a particular burglary conviction met the ACCA's requirements. It is in this context that the Court refined what facts a sentencing court may consider beyond those facts established by a jury when contemplating the imposition of an extended term. See State v. Thomas, 188 N.J. 137, 145 (2006).

A-4596-17T3

Of course, had push come to shove, things might not have stopped there. For instance, if defense counsel had not conceded the relevant facts but instead stood on defendant's right to insist that the State prove the facts necessary to find defendant a persistent offender, the State likely would have sought an opportunity to enhance its proofs. We will not speculate on what could have or should have happened in that instance had the concession not been made.

Our existing jurisprudence does not clearly answer many of these questions we have briefly identified.[5] And they will not be answered now, because we find nothing in either the guidelines provided by our Criminal Code or the constitutional principles announced by the Supreme Court of the United

---

[5] Our Supreme Court has held only that there is no Sixth Amendment violation in a sentencing judge's "consideration of objective facts <u>about defendant's prior convictions</u>, such as the dates of convictions, his age when the offenses were committed, and the elements and degrees of the offenses, in order to determine whether he qualifies as a 'persistent offender.'" <u>State v. Pierce</u>, 188 N.J. 155, 163 (2006) (emphasis added). These particular facts would appear to be what we referred to in categorizing what <u>Apprendi</u> permits as the "who, what, when and where" of a prior conviction. <u>State v. Dixon</u>, 346 N.J. Super. 126, 140 (App. Div. 2001). But it is not at all clear from <u>Dixon</u> whether we were then attempting to sweep into those generalities all recidivism facts, such as the date of a defendant's "last release from confinement," which seems unrelated to the existence of predicate prior convictions. <u>See also</u> <u>United States v. Santiago</u>, 268 F.3d 151, 156 (2d Cir. 2001) ("read[ing]" more broadly "<u>Apprendi</u> as leaving to the [sentencing] judge, consistent with due process, the task of finding not only the mere fact of previous convictions but other related issues as well," without expressing what those "other related issues" might be). Again, because of how this appeal is presented to us, we need not provide our view of these issues.

States in <u>Apprendi</u> or <u>Shepard</u> or our Supreme Court in <u>Pierce</u> and <u>Thomas</u> that would prohibit a sentencing judge from relying on a defendant's concession that he was eligible for an extended term as a persistent offender. Interesting though these other issues may be, we decide only that defendant's concession of the necessary factual predicate for an extended term was enough. <u>See</u> <u>State v. Turcotte</u>, 239 N.J. Super. 285, 299 (App. Div. 1990); <u>State v. Wright</u>, 113 N.J. Super. 79, 81 (App. Div. 1971); <u>see also</u> <u>Pierce</u>, 188 N.J. at 162 (finding unnecessary a determination whether N.J.S.A. 2C:44-3(a) was "constitutionally vulnerable" by "authoriz[ing] a judicial finding that a defendant is a persistent offender" because the defendant "apparently concede[d]" the existence of the necessary prior convictions). Even a concession expressed in error, as may be suggested by defendant's appellate counsel's argument that the State's evidence was inadequate to support the concession,[6] does not render the sentence unlawful. Sentencing judges are permitted to rely on such concessions, and this concession was clear and certain enough to reasonably satisfy the sentencing judge that defendant is a persistent offender. Even if Sixth Amendment principles impose a higher standard than the "reasonably satisfies" standard

_____

[6] Any such allegations about trial counsel's effectiveness, which we mention only because defendant's appellate arguments suggest grounds for disputing the State's evidence, are better left to post-conviction relief proceedings.

A-4596-17T3

contained in N.J.S.A. 2C:44-4(d), we find nothing in <u>Apprendi</u> or <u>Shepard</u> that would preclude a sentencing judge from finding a defendant to be a persistent offender beyond a reasonable doubt when the defendant has conceded the relevant facts.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4596-17T3