NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5777-17T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

THOMAS A. HAWKINS,

      Defendant-Appellant.

_____

<div style="border:1px solid">

**APPROVED FOR PUBLICATION**

**January 9, 2020**

**APPELLATE DIVISION**

</div>

Argued May 15, 2019 – Decided June 21, 2019

Before Judges Koblitz, Currier and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County and Hudson County, Indictment Nos. 12-02-0380 and 11-08-1383.

Whitney Faith Flanagan, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Molly O'Donnell Meng, Assistant Deputy Public Defender, of counsel and on the brief).

Alexander R. Shalom argued the cause for amicus curiae American Civil Liberties Union of New Jersey Foundation (ACLU-NJ) (Alexander R. Shalom, attorney; Alexander R. Shalom, Edward Leon Barocas, and Jeanne M. LoCicero, on the briefs).

Adam David Klein, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney

General, attorney; Adam David Klein, of counsel and on the brief).

The opinion of the court was delivered by

KOBLITZ, P.J.A.D.

Defendant Thomas Hawkins appeals from a sentence of eight years in prison with forty months of parole ineligibility for a second-degree crime after repeatedly violating special Drug Court probation, N.J.S.A. 2C:35-14(a). He argues that the imposition of the eight-year custodial sentence after serving almost five years of special probation was an unconstitutional judicial extension of the statutory ten-year maximum custodial sentence, contrary to Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). We reject this argument and affirm.

Defendant pled guilty in Hudson County to second-degree possession of phencyclidine (PCP) with the intent to distribute, N.J.S.A. 2C:35-5(b)(7), and third-degree possession of PCP with the intent to distribute within 1000 feet of a school, N.J.S.A. 2C:35-7, from two separate indictments. Both crimes occurred in Jersey City, Hudson County. Pursuant to N.J.S.A. 2C:43-6(f), defendant was eligible for a mandatory extended term based on a prior drug conviction.

The parties agreed that if defendant was found ineligible for Drug Court, he would be allowed to retract his guilty plea. They also agreed that if he

2

proceeded with the guilty plea without Drug Court, the State would seek an eight-year term of imprisonment with forty-eight months of parole ineligibility. The judge explained to defendant that he would be reevaluated for Drug Court and, if eligible, would have to accept the recommended treatment modality or face a prison term.

At sentencing in April 2012, the judge told defendant that his maximum prison exposure if he violated probation would be ten years in prison with a mandatory minimum of five years. The judge then found aggravating factors three, the risk defendant will commit another offense; six, the extent of defendant's prior criminal record; and nine, the need to deter defendant and others. N.J.S.A. 2C:44-1(a)(3), (6), (9). She also found mitigating factor ten, that defendant was particularly likely to respond to probationary treatment. N.J.S.A. 2C:44-1(b)(10). The judge determined that the aggravating and mitigating factors were "equal" and sentenced defendant to four years of Drug Court, articulating the usual and special conditions of probation.

The special Drug Court probation supervision was transferred to Middlesex County, where defendant lived. In May 2016, four years later, defendant appeared before a Middlesex County judge and pled guilty to violating the conditions of his special probation. His probation was extended an

additional year. The judge warned defendant that if he violated the terms of probation again, he would be incarcerated.

In March 2017, approximately one month before the end of his extended probation, after a contested evidentiary hearing, the same Middlesex County judge found that defendant had violated special probation by using PCP repeatedly and otherwise not fully cooperating with Drug Court. The judge terminated defendant's probation and sentenced him to eight years in prison with a four-year period of parole ineligibility.

After defendant appealed his sentence, we remanded the matter and directed "the trial court to provide a detailed statement of reasons for imposing the sentence under review, and to amend the judgment of conviction accordingly." We added: "With the consent of the State, the defendant shall also be afforded the opportunity to speak at resentencing."

Judge Robert J. Jones, who was not the original violation of probation (VOP) sentencing judge, resentenced defendant to eight years in prison with a reduced, forty-month period of parole ineligibility. With the ACLU-NJ appearing as amicus curiae, the judge denied defendant's motion to correct an illegal sentence.

Defendant raises the following issue on appeal:

POINT I: NEW JERSEY'S PROBATION REVOCATION STATUTE ALLOWS A JUDGE TO ENGAGE IN FACT-FINDING THAT RESULTS IN A SENTENCE ABOVE THE STATUTORY MAXIMUM AND SO VIOLATES THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

We review a trial court's legal or statutory interpretation de novo. State v. Grate, 220 N.J. 317, 329 (2015). Similarly, we review a post-conviction relief court's legal conclusions de novo. State v. Nash, 212 N.J. 518, 540-41 (2013). One ground for post-conviction relief is an illegal sentence. R. 3:22-2(c). An illegal sentence is one that is unconstitutional or not authorized by the Code of Criminal Justice. See State v. Hyland, 238 N.J. 135, 143 (2019); R. 3:21-10(b)(5).

Our Supreme Court emphasized:

> The Sixth Amendment jury trial guarantee and the Fourteenth Amendment Due Process Clause confer to every criminal defendant not only the right to have "the truth of every accusation" proven to a jury of his "equals," but also the "right to have the jury verdict based on proof beyond a reasonable doubt."
>
> [State v. Natale, 184 N.J. 458, 473 (2005) (quoting Apprendi, 530 U.S. at 477-78).]

Therefore, "[i]f a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt." Ibid.

5

(alteration in original) (quoting Ring v. Arizona, 536 U.S. 584, 602 (2002)). In determining what facts must be found by a jury, "the relevant inquiry is one not of form, but of effect—does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" Ibid. (quoting Apprendi, 530 U.S. at 494).

In Apprendi, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Court found that New Jersey's hate crime statute, which authorized a sentencing court to impose an "extended term" sentence if it found, "by a preponderance of the evidence, that 'the defendant in committing the crime acted with a purpose to intimidate an individual or group of individuals,'" violated a defendant's Fourteenth Amendment due process rights. Id. at 468-69, 491-93 (quoting N.J.S.A. 2C:44-3(e), amended by N.J.S.A. 2C:16:1(a)(1)). Sentencing courts still have discretion, however, to "tak[e] into consideration various factors relating both to offense and offender [when] imposing a judgment within the range prescribed by statute." Id. at 481.

A-5777-17T3

Four years later, the United States Supreme Court refined its holding in Apprendi, and held "that the 'statutory maximum' . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington, 542 U.S. 296, 303 (2004). Our Supreme Court held that "without reference to presumptive terms, judges will sentence defendants within the statutory range after identifying and weighing the applicable mitigating and aggravating factors." Natale, 184 N.J. at 466. In a companion case, the Court held that procedures under the code that allowed a trial court "to sentence a defendant to a period of life imprisonment for murder, to a period of parole disqualification . . . and to consecutive sentences for multiple convictions [did] not run counter to the Sixth Amendment." State v. Abdullah, 184 N.J. 497, 499 (2005).

In State v. Thomas, our Supreme Court held that the "imposition of a mandatory enhanced sentence under N.J.S.A. 2C:43-6(f)" based on the "sentencing court's finding of the fact of defendant's prior convictions," did not violate the defendant's Sixth Amendment right to a jury trial. 188 N.J. 137, 152 (2006). The Court determined that "N.J.S.A. 2C:43-6(f) operates as a sentence enhancer on the basis of a judicial fact-finding that is authorized under Apprendi and Blakely, to wit, the finding of prior convictions." Id. at 151-52.

Here, defendant argues that his sentence violates the principles articulated in Apprendi and its progeny and is therefore unconstitutional. Defendant was sentenced to eight years in prison with a forty-month period of parole ineligibility for second-degree possession with intent to distribute PCP after violating the terms of his special Drug Court probation for a second time. Defendant argues that his total sentence of approximately thirteen years of combined prison and probation is unconstitutional because it exceeds the statutory maximum sentence of a ten-year period of incarceration, and was imposed after judicial, rather than jury, fact-finding.

In a recent case, we determined that probation was not confinement for purposes of determining, under the persistent offender statute N.J.S.A. 2C:44-3(a), whether the defendant had been released from confinement within ten years preceding the instant offense. State v. Clarity, 454 N.J. Super. 603, 606, 611 (App. Div. 2018). We also found that the later consequences of a VOP are part of the corrections process, "not a separate prosecution and conviction." Id. at 613.

Defendant argues that the applicable probation revocation statute, N.J.S.A. 2C:35-14(f), is unconstitutional because it allows the VOP court, after non-jury fact-findings, to sentence a defendant to the maximum custodial

sentence in addition to the time spent on probation. Here, the statutory maximum without an extended term was ten years in prison. After the VOP, defendant received a sentence of eight years in prison plus almost five years of probation. Defendant argues that absent a measuring device to compare the severity of a year of probation to a year in prison, we should value them as equally severe.

Defendant points out that the probation revocation statute states that a defendant

> shall receive credit for any time served in custody pursuant to N.J.S.[A.] 2C:45-1 or while awaiting placement in a treatment facility . . . and for each day during which the person satisfactorily complied with the terms and conditions of special probation while committed . . . to a residential treatment facility.
>
> [N.J.S.A. 2C:35-14(f)(4).]

Because this statute does not provide incarceration credit for the time spent on special probation outside a residential treatment facility, defendant claims he is required to serve more than the maximum allowable sentence.

Defendant distinguishes his sentence from that discussed in a recent Supreme Court decision, State v. Kiriakakis, 235 N.J. 420 (2018). In Kiriakakis, the Court held that a mandatory minimum period of parole ineligibility "fell within the range authorized by the jury's verdict and therefore did not violate

[Alleyne v. United States, 570 U.S. 99 (2013)] or the Sixth Amendment." Id. at 425. The Court concluded that under Alleyne, trial courts are permitted, "in the exercise of their discretion, to take into consideration various factors relating both to the offense and offender 'in imposing a judgment within the range prescribed by statute.'" Ibid. (quoting Alleyne, 570 U.S at 116). Defendant maintains that, unlike defendant Kiriakakis, his sentence was not within the statutory range authorized for a second-degree offense, because on the date of his original sentence, the trial court would not have been allowed to sentence him to incarceration for thirteen years, the sum of five years of probation and eight years in prison. Defendant asserts: "That increased penalty is made possible only by later judicial fact-finding." Amicus ACLU-NJ also argues that defendant's sentence violated the Sixth Amendment because the judge relied upon facts not found by a jury or admitted by defendant to increase defendant's sentence beyond the statutory maximum, in violation of Apprendi and Blakely.

If we accept the defense argument, it follows that a VOP judge may either conduct a jury trial or credit a defendant with the years served on probation against the possible maximum prison term. We could then either reduce defendant's custodial sentence to five years in prison, or remand for a VOP jury trial.

The statutory maximum for a sentence, however, includes the statutes that allow a special probation sentence followed by a revocation of that special probation. The statutory scheme delineates that the maximum custodial sentence for a second-degree crime is ten years in prison, unless a defendant applies for and is accepted into special Drug Court probation, in which case he may receive a sentence of five years of Drug Court with the risk of spending ten years in prison if he violates that special probation, with credit given for time spent in jail or inpatient treatment.

Judge Jones adhered to the statutory requirements of the applicable probation revocation statute, N.J.S.A. 2C:35-14(f)(4), which directs the court to "impose any sentence that might have been imposed, or that would have been required to be imposed, originally for the offense for which [defendant] was convicted." The judge also properly applied the same aggravating factors as the original sentencing judge, and determined that mitigating factor ten, amenability to probation, no longer existed. See State v. Baylass, 114 N.J. 169, 176-77 (1989).

Because we do not accept that a year of probation is equal to a year of incarceration, or that eight years in prison plus five years of probation is greater than ten years in prison, we do not accept the premise that defendant received a

sentence greater than the maximum permissible for a second-degree crime when probation is not imposed. "[P]robation time cannot be converted into prison time with any mathematical precision." United States v. Gordon, 961 F.2d 426, 432-33 (3d Cir. 1992). See also State v. Evers, 368 N.J. Super. 159, 173 (App. Div. 2004) (finding "[p]robation is not the same as incarceration," and therefore the "defendant [was] not entitled to credit for time served on probation because his probation was not as restrictive and confining as a custodial sentence"). Moreover, special Drug Court probation is an extraordinary rehabilitative opportunity for a defendant who would otherwise face a presumption of incarceration. See State v. Meyer, 192 N.J. 421, 434-35 (2007).

We should not decide constitutional issues unless it is necessary to resolve the case before us. O'Keefe v. Passaic Valley Water Comm'n, 132 N.J. 234, 240 (1993). Thus, we affirm without ruling directly on the issue raised by defendant and supported by amicus: whether the imposition of the maximum statutory custodial sentence plus special probation would be constitutionally defective.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION